United States District Court
Southern District of Texas
ENTERED
September 22, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASMINE GADELMOLA, Plaintiff, | § | CIVIL ACTION NUMBER 4:23-cv-01330 |
| versus | § | JUDGE CHARLES ESKRIDGE |
| RELIANCE STANDARD LIFE INSURANCE COMPANY, Defendant. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

This action concerns the termination of the long-term disability benefits of Plaintiff Jasmine Gadelmola under a policy issued by Defendant Reliance Standard Life Insurance Company. Dkt 1. Plaintiff maintains that this termination violated the Employee Retirement Income Security Act. She brought this action seeking to clarify and enforce her rights under that policy. Id at ¶3.

The matter was referred for disposition to Magistrate Judge Yvonne Y. Ho. Dkt 26. Pending are cross-motions by the parties for judgment on the administrative record. Dkts 16 & 18. Plaintiff maintains that evidence in the administrative record establishes that she is disabled as defined by the policy and thus was wrongfully denied benefits by Defendant. Dkt 16 at 2. Defendant argues that substantial evidence supports its determination that Plaintiff doesn't suffer "total disability" from "any occupation," meaning that she is ineligible for such benefits under the policy. Dkt 18 at 16.

Pending is a Memorandum and Recommendation by Judge Ho, which concludes that Defendant didn't abuse its

discretion in determining that Plaintiff wasn't "Totally Disabled" under the policy. Dkt 27 at 15–16. She thus recommends that the motion by Plaintiff be denied, and that the motion by Defendant be granted. Id at 20. She also recommends that the denial by Defendant of long-term disability benefits from April 8, 2022, onward be affirmed. Ibid.

The district court reviews *de novo* those conclusions of a magistrate judge to which a party has specifically objected. See FRCP 72(b)(3) & 28 USC §636(b)(1)(C); see also *United States v Wilson*, 864 F2d 1219, 1221 (5th Cir 1989, *per curiam*). The district court may accept any other portions to which there's no objection if satisfied that no clear error appears on the face of the record. See *Guillory v PPG Industries Inc*, 434 F3d 303, 308 (5th Cir 2005), citing *Douglass v United Services Automobile Association*, 79 F3d 1415, 1430 (5th Cir 1996, *en banc)*; see also FRCP 72(b) advisory committee note (1983).

Plaintiff filed untimely objections, along with a motion to object out of time. Dkts 28 (motion) & 30 (objections). That motion was granted, meaning that such objections will be considered on their merits. Dkt 29. Defendant filed a response to the objections by Plaintiff. Dkt 31.

Plaintiff contends that the Magistrate Judge erred by reviewing the disability determination by Defendant for abuse of discretion rather than conducting *de novo* review. See Dkt 30. She acknowledges that the summary plan description contains discretionary language that, if contained in the policy, would mean that the abuse of discretion standard applies. See Dkt 21 at 3. But she contends that the delegation of discretion is only in the summary plan description and not the policy itself, contending in turn that such discretionary language shouldn't be considered. Dkt 30 at 4.

Upon *de novo* review and determination, Plaintiff's objections lack merit. Judge Ho thoroughly and thoughtfully considered, and rejected, this argument in the Memorandum and Recommendation. Dkt 27 at 12–14. She correctly concluded that the subject policy contains "the

exact same ambiguity" regarding the administrator's discretion as the policy at issue in *Manuel v Turner Industries Group, LLC*. See Dkt 27 at 13, citing 905 F3d 859, 868 (5th Cir 2018). As such, and consistent with the instruction of the Fifth Circuit in *Manuel* that courts "must look to the SPD in cases where the plan language is ambiguous," the Judge Ho appropriately considered the SPD's discretionary language in determining that an abuse-of-discretion standard applies. *Manuel*, 905 F3d at 869.

The objections by Plaintiff Jasmine Gadelmola to the Memorandum and Recommendation of the Magistrate Judge are OVERRULED. Dkt 30.

No clear error otherwise appears upon review and consideration of the Report and Recommendation, the record, and the applicable law.

The Report and Recommendation of the Magistrate Judge is ADOPTED as the Memorandum and Order of this Court. Dkt 27.

The motion by Plaintiff Jasmine Gadelmola for judgment on the record is DENIED. Dkt 16.

The motion by Defendant Reliance Standard Life Insurance Company for judgment on the record is GRANTED. Dkt 18.

The denial by Defendant of long-term disability benefits from April 8, 2022, onward is AFFIRMED.

This action is DISMISSED WITH PREJUDICE.

A final judgment will issue by separate order.

SO ORDERED.

Signed on September 22, 2026, at Houston, Texas.

Honorable Charles Eskridge
United States District Judge